### LA REPUBLIQUE FRANCAISE et al. v. CARL H. SCHULTZ.

(Circuit Court, S. D. New York. March 7, 1902.)

TRADE-NAME—INFRINGEMENT.

The use of the compound name "Lithia-Vichy" on artificial mineral waters, with the words "Manufactured from Distilled Waters," inconspicuously under it, indicates that the article labeled is something different from the natural French Vichy waters, and the use thereof will not be restrained as an imitation of plaintiff's natural Vichy.

In Equity.

Charles Bulkley Hubbell, for plaintiffs.

Antonio Knauth, for defendant.

WHEELER, District Judge. This suit is brought to protect the sales of the waters of the Vichy mineral springs of France owned by the republic from the use of that name upon, or in dealing in, other mineral waters. The defendant deals in artificial mineral waters, and appears to have the right to call those made in imitation of the plaintiffs' natural Vichy artificial Vichy, but not to use that name alone, or apparently alone, upon mineral waters, for that would tend to pass them off as the plaintiffs' waters. La Republique Francaise v. Schultz, 42 C. C. A. 233, 102 Fed. 153; La Republique Francaise v. Saratoga Vichy Springs Co., 46 C. C. A. 418, 107 Fed. 459. In the latter case the plaintiffs' rights were held to be invaded by the use of the name "Vichy" prominently upon Saratoga Vichy, with the name "Saratoga" only inconspicuously above it, as that would have a similar tendency to the use of the name "Vichy" alone.

The defendant uses the compound name "Lithia-Vichy" upon artificial mineral waters, with the words, "Manufactured from Distilled Water," inconspicuously under it. This is said, on behalf of the

plaintiffs, to have a like tendency. But the compounding of the word "Lithia" with the name "Vichy" would seem to well indicate that the article labeled was something different from the natural French Vichy waters, and, without the more obscure words below, would not amount to a representation that the waters were from the French springs, and still less with them. This seems to fall short of any real invasion of the plaintiffs' right, within that case, or any of the common principles applicable to this subject.

Mr. Schultz, the vice president of the corporation defendant, testified on direct examination by defendant's counsel: "23 Q. What do you do if a customer comes to your pavilion in Central Park and simply asks for some 'Vichy'? A. In this case they are served with our product." These transactions are said to amount to a passing off of the defendant's waters for the plaintiffs' which should be restrained. They might be such if the use of the plaintiffs' waters was sufficiently predominant; but the defendant's waters are so prevalent that a customer at such places would be likely to expect artificial "Vichy" in answer to such calls, and not be at all deceived into using the defendant's waters supposing them to be the plaintiffs'.

As the case is made to appear, the plaintiffs do not appear to have established any just ground for relief. Bill dismissed.